IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

TIMOTHY SENKOWSKI,                                                                      PLAINTIFF
Reg. #21104-045

v.                                              4:21-cv-00576-JM-JJV

UNITED STATES OF AMERICA                                                            DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDATIONS

### INSTRUCTIONS

The following recommended disposition has been sent to United States District Judge James M. Moody Jr. Any party may serve and file written objections to this recommendation. Objections should be specific and include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. Your objections must be received in the office of the United States District Court Clerk no later than fourteen (14) days from the date of this recommendation. Failure to file timely objections may result in a waiver of the right to appeal questions of fact. Mail your objections to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite A149
Little Rock, AR 72201-3325

### DISPOSITION

**I.   INTRODUCTION**

Timothy Senkowski is a prisoner in the Federal Correctional Institution located in Forrest City, Arkansas ("FCI-FC Low"). He has filed a *pro se* Complaint bringing claims under the Federal Tort Claims Act and the Prison Rape Elimination Act. (Doc. 1.) After careful consideration and for the following reasons, I recommend the Complaint be DISMISSED with

1

prejudice.

## II.     SCREENING

The Prison Litigation Reform Act requires federal courts to screen prisoner complaints seeking relief against a governmental entity, officer, or employee.  28 U.S.C. § 1915A(a).  The court must dismiss a complaint or portion thereof if the prisoner has raised claims that: (a) are legally frivolous or malicious; (b) fail to state a claim upon which relief may be granted; or (c) seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915(A)(b).

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The factual allegations must be weighted in favor of Plaintiff.  *Denton v. Hernandez*, 504 U.S. 25, 32 (1992).  "In other words, the § 1915(d) frivolousness determination, frequently made *sua sponte* before the defendant has even been asked to file an answer, cannot serve as a factfinding process for the resolution of disputed facts."  *Id.*  But regardless of whether a plaintiff is represented or appearing *pro se*, the "complaint must contain specific facts supporting its conclusions." *Martin v. Sargent*, 780 F.2d 1334, 1337 (8th Cir. 1985).

A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  *Twombly,* 550 U.S. at 556.  The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully.  Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility" of entitlement to relief.  *Id*. at 557.

Title 42 of the United States Code, section 1983 allows individuals to bring suit against persons who, under color of state law, have caused them to be "depriv[ed] of any rights, privileges,

2

or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983 (1996). Section 1983 itself "creates no substantive rights; it merely provides remedies for deprivation of rights established elsewhere." *City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985) (citations omitted). In order to state a claim pursuant to 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

### III.   PLAINTIFF'S COMPLAINT

Plaintiff alleges that, from 2015 until 2017, he was sexually assaulted and harassed by a prison guard while he was working in food services at the Federal Medical Center Prison in Fort Worth, Texas. (Doc. 1.) Plaintiff seeks relief pursuant to the Federal Tort Claims Act (28 U.S.C. § 1346(b)) and the Prison Rape Elimination Act (34 U.S.C. § 30301-30309). (*Id.*) Plaintiff has already raised these identical claims in the North District of Texas, and both were dismissed with prejudice. *See Senkowski v. United States of America*, 4:18-cv-639-P (N.D. Tex. 2020) (Docs. 6, 7, 47, 48).

The judgment bar provision of the FTCA and the doctrine of *res judicata* precludes Plaintiff from raising those claims again. *See* 28 U.S.C. § 2676 ("The judgment in an action under section 1346(b) of this title shall constitute a complete bar to any action by the claimant, by reason of the same subject matter, against the employee of the government whose act or omission gave rise to the claim"); *Simmons v. Himmelreich*, 578 U.S. 621, 625 (2016) ("Under the judgment bar provision, once a plaintiff receives a judgment (favorable or not) in an FTCA suit, he generally cannot proceed with a suit against an individual employee based on the same underlying facts"); *Al-Saadoon v. Barr*, 973 F.3d 794, 801 (8th Cir. 2020) ("Res judicata bars relitigation of a claim

3

if: (1) the prior judgment was rendered by a court of competent jurisdiction; (2) the prior judgment was a final judgment on the merits; and (3) the same cause of action and the same parties or their privies were involved in both cases").

Although it is unclear, it appears Plaintiff may also be attempting to raise an Eighth Amendment claim pursuant to *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971). (Doc. 1 at 1.) However, the FTCA's judgment bar provision, 28 U.S.C. § 2676, prevents Plaintiff from bringing any new claims stemming from the facts that gave rise to his FTCA claim. *See Brownback v. King*, 141 S. Ct. 740 (2021) (judgment in favor of the police on an FTCA claim barred the arrestee from bringing a Fourth Amendment claim under *Bivens* based on the same facts). Accordingly, I recommend the Complaint be dismissed with prejudice, and that a strike be imposed under § 1915(g).[1] *See Higgins v. Carpenter*, 258 F.3d 797, 801 (8th Cir. 2001) (a prisoner's duplicative case was legally frivolous and thus a strike under 28 U.S.C. § 1915(g)); *Burke v. St. Louis City Jails*, 603 F. App'x 525 (8th Cir. May 26, 2015) (unpublished opinion) (a affirming trial court's finding that a dismissal based on the doctrine of *res judicata* was a strike under § 1915(g)).

**IV.   CONCLUSION**

IT IS, THEREFORE, RECOMMENDED THAT:

1. The Complaint (Doc. 1) be DISMISSED with prejudice.

2. Dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g).

---

[1] Title 28 U.S.C. § 1915(g) provides as follows: "In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury."

3. The Court certify, pursuant to 28 U.S.C. § 1915(a)(3), that an *in forma pauperis* appeal from any Order adopting these recommendations and the accompanying Judgment would not be taken in good faith.

DATED this 28th day of July 2021.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE